AUSA: Carl D. Gilmer-Hill    Telephone: 313-22-69585
Special Agent: Christopher Hesson, H.S.I.    Telephone: 313-280-2145

AO 91 (Rev. 08/09) Criminal Complaint



# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

D-1 Darrell Naver Evans, Jr.,
D-2 Raphael Apollo Robinson,
D-3 Devante Dayzon Evans,

    Defendant(s).

Case: 2:14-mj-30499
Judge: Unassigned,
Filed: 09-26-2014 At 03:23 PM
usa v. Darrell Naver Evans Jr. et.a
l.(CMP)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of **August 2014 to September 25, 2014**, in the county of **Wayne and Monroe Counties** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a) and 846 | Conspiracy to possess with intent to distribute controlled substances; |
| 8 U.S.C. § 2 | Aiding and Abetting; |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

S/A Christopher Hesson, H.S.I.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 26, 2014

_____
*Judge's signature*

City and state: Detroit, Michigan

Hon. Donald A. Scheer, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Christopher Hesson, being duly sworn, depose and state:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), having been so designated since April 2009. I am a graduate of Eastern Michigan University and the Federal Law Enforcement Training Center in Glynco, Georgia. As part of my daily duties as a HSI Special Agent, I investigate violations of the United States Code to include Title 18 and Title 21.

2. The following information is provided in support of a criminal complaint charging DARRELL NAVER EVANS Jr., RAPHAEL APOLLO ROBINSON and DEVANTE DAYZON EVANS with violating Title 21 of the United States Code, Sections 841(a)(1), which prohibits the possession with intent to distribute of a controlled substance, 846 which prohibits a person from attempting or conspiring to violate Section 841(a)(1), and 18 USC 2, which prohibits aiding or abetting the commission of federal crime.

3. The facts set forth in this affidavit are based upon information I have obtained through my own observations and information I have obtained from other law enforcement officers. I have not set forth all of the information learned in this investigation, but only the information I believe necessary to show probable cause DARRELL NAVER EVANS Jr., RAPHAEL APOLLO ROBINSON and DEVANTE DAYZON EVANS have violated 21 USC 841(a)(1), 21 USC 846 and 18 USC 2.

4. In August 2014, I received a call from HSI El Paso relaying information regarding a subject from Detroit that had arranged to have 10 kilograms of cocaine transported to Detroit, Michigan for him to purchase. Specifically, a subject identifying himself as "Dee" (later identified as DARRELL NAVER EVANS Jr) and using an identified cell phone number had flown to El Paso in August on Southwest Airlines, met with the UC, and agreed to buy 10 kilograms of cocaine for $25,000 per kilogram upon its delivery in Michigan. During the meeting, DARRELL EVANS also agreed to deposit $10,000 into a UC bank account as a down payment for the cocaine.

5. Review of a recording of the meeting between the UC and DARRELL EVANS revealed that at one point during the meeting DARRELL EVANS indicated that he wanted less than 10 kilograms of cocaine, and then after making a phone call to an unknown person stated that he wanted to buy 10 kilograms of cocaine as had been under discussion.

6. Utilizing phone records, airline records, and Michigan Secretary of State driver's records, agents were able to identify "Dee" as DARRELL EVANS, and the UC later further identified him from a photographic lineup.

7. On September 2, 2014 HSI El Paso verified that $4,500.00 had been deposited into the UC bank account, and on September 15, 2014 HSI El Paso verified that an additional $5,500.00 had been deposited into the UC bank account, consistent with the instructions the UC and DARRELL EVANS had discussed.

8. During this time frame, the UC spoke with DARRELL EVANS in relation to the deposits, DARRELL EVANS confirmed making the deposits, and the UC and DARRELL EVANS made arrangements to meet in Michigan on September 25, 2014 for DARELL EVANS to receive 10 kilograms of cocaine.

9. On September 25, 2014 the UC called and told DARRELL EVANS to meet the UC at a particular location in Monroe, Michigan. During a later call that same day, DARRELL EVANS advised the UC that there were other individuals, in addition to DARRELL EVANS, who would be traveling to the meeting location.

10. DARRELL EVANS Jr. arrived at the meeting location in Monroe, Michigan in a vehicle being driven by RAPHAEL APOLLO ROBINSON, and with DEVANTE DAYZON EVANS in the backseat. DARRELL EVANS then met with and told the UC that although he did not have the balance of the money owed for the cocaine presently, he would be able to sell the cocaine and pay they balance in less than two hours. The UC told DARRELL EVANS that the amount of drugs on hand that could be sold was actually 13 kilograms of cocaine.

11. The UC agreed to permit DARRELL EVANS to sell the cocaine and return with the balance of money owed, and directed DARRELL EVANS to meet with another undercover agent posing nearby as a truck driver to receive the cocaine. During this conversation, when the UC indicated that while DARRELL EVANS met with truck driver, the UC would remain with DARRELL EVANS' "partners, " DARRELL EVANS responded by simply stating "let me talk to them" and then conferred with ROBINSON and DEVANTE EVANS.

12. Thereafter, DARRELL EVANS met with the separate undercover agent posing as a truck driver who handed DARRELL EVANS a duffel bag containing 13 kilograms of cocaine. DARRELL EVANS then began get out of the truck to walk back towards the vehicle being driven by RAPHAEL APOLLO ROBINSON and with DEVANTE DAYZON EVANS in the backseat, and all three individuals were arrested.

13. At the time of their arrest, DARRELL EVANS had one cell phone that was seized; this was the same phone that has been used by DARRELL EVANS to communicate with the UC. RAPHAEL APOLLO ROBINSON has one cell phone and $4,500 in cash seized. RAPHAEL APOLLO ROBINSON's vehicle also had three more cell phones that were seized. DEVANTE DAYZON EVANS had no property seized.

14. Later, while being transported after the arrest, DEVANTE EVANS made a spontaneous comment to the transporting officers, saying "I thought we were going to get shot because we didn't have the money."

15. Based on the information presented in this affidavit, there is probable cause to believe THAT DARRELL N. EVANS Jr., RAPHAEL APOLLO ROBINSON, and DEVANTE DAYZON EVANS did possess with the intent to distribute, conspire to possess with the intent to distribute, and aid and abet the possession with intent to distribute a controlled substance, specifically, cocaine, in violation of Title 21 of the United States Code, Sections 841(a)(1), 846, Title 18 of the United States Code, Section 2.

_____
Christopher Hesson
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 26th day of September, 2015
_____
Honorable Donald A. Scheer
United States Magistrate Judge

3